LOUIS REINES, Appellant, *v.* NEW YORK RAILWAYS COM-
PANY, Respondent.

(Supreme Court, Appellate Term, First Department, June, 1918.)

Negligence — street railways — automobiles.
Appeal — from judgment dismissing complaint — what may be con-
sidered on appeal.

> Upon appeal from a judgment dismissing the complaint at
> the close of plaintiff's case his testimony must be viewed in the
> light most favorable to him.

> Where, in an action for damages caused by a collision between
> one of defendant's street cars and plaintiff's automobile operated
> by himself, it appears that plaintiff was compelled to use the
> car tracks and that the collision was not caused by the street
> car proceeding faster than the vehicle but because plaintiff was
> compelled to stop upon a signal from a traffic officer, it cannot
> be said as matter of law that plaintiff was guilty of negligence
> in obeying such signal, and a judgment dismissing the com-
> plaint will be reversed and a new trial granted.

> Regardless of the distance between the street car and the
> automobile defendant's motorman should have had his car under
> such control that he could stop it when plaintiff gave notice,
> by holding out his hand, that he was compelled to stop at the
> place where the accident happened.

> There being an absolute failure of proof that the street car
> was owned and controlled by defendant, a motion to dismiss
> on that ground should have been granted if made, but the
> point cannot be considered on appeal.

APPEAL by the plaintiff from a judgment entered in
the Municipal Court of the city of New York, borough
of Manhattan, second district, in favor of the defend-
ant, dismissing the plaintiff's complaint.

Henry Lieb (Nathan Finkelstein, of counsel), for
appellant.

James L. Quackenbush (Walter Henry Wood, of
counsel), for respondent.

LEHMAN, J.   The plaintiff has brought an action for
damages caused by a collision between an automobile

Appellate Term, First Department, June, 1918.   [Vol. 103.

owned and operated by himself, and a street car alleged to have been owned and operated by the defendant. At the close of the plaintiff's case the trial justice dismissed the complaint. Upon this appeal, therefore, the plaintiff is entitled to have his testimony viewed in the light most favorable to him.

According to the plaintiff's story, he was proceeding west along the car tracks on Eighth street. His automobile was partly on the tracks and partly on the northerly side of the street, between the track and the curb. The space between the track and the curb is too narrow to permit an automobile to proceed through the street without encroaching on the tracks. When the plaintiff reached the easterly side of Broadway the traffic officer signalled him to stop. The plaintiff held out his hand to give notice that he was about to stop, stopped his automobile and after it had come to a standstill a street car struck it in the rear. After the traffic officer had ordered the plaintiff to proceed he did so, but was compelled to stop again apparently owing to the fact that the mechanism of the car was somewhat injured. The plaintiff again held out his hand as notice that he was about to stop and the street car again struck the automobile. The plaintiff further produced some evidence as to the damages he had sustained by these collisions. If the plaintiff's story is true, there can be no doubt but that at the time of the accident he was lawfully proceeding along the car tracks and no negligence can be inferred merely from his presence thereon.

The defendant, however, claims that, in the absence of proof that the plantiff looked toward the rear so as to avoid a possible collision with a street car, he has failed to show that he was free from contributory negligence, and, in the absence of evidence as to the distance between the street car and his automobile at

the time he stopped the automobile, no inference can be drawn that the motorman in the exercise of reasonable care could have stopped his car before the collision. It seems to me that these contentions of the defendant are unsound. It may be that ordinarily where a vehicle drives upon the tracks of a street railway the driver fails to show reasonable care where he proceeds along the tracks entirely oblivious of the danger of a street car coming along behind him at a speed sufficient to cause a collision, especially where the vehicle occupying the tracks is a horse drawn or slow moving vehicle. In the present case, however, it would appear that the plaintiff was compelled to use the tracks and the collision was not caused by the street car proceeding faster than the vehicle, but by the fact that the plaintiff was compelled to stop his automobile at the corner of Broadway. He had a right to assume that any street car proceeding in his rear would recognize his right to use the street and if he stopped his automobile upon signal of the officer, and gave warning to vehicles in the rear that he was about to stop, he had a right to assume that such vehicles would also stop and avoid the collision.

It seems to me that regardless of the relative position of the street car and the automobile, or the relative speed with which they were proceeding previous to the collision, we cannot say as a matter of law that the plaintiff could have avoided the accident by the exercise of any greater degree of care than he has shown, for the plaintiff could not drive completely off the track between the track and the curb, and certainly cannot be held guilty as a matter of law in stopping his automobile upon signal from a police officer. Even if the plaintiff in the exercise of due care should have looked back occasionally to determine whether a street car was approaching in a dangerous manner, it does

not follow that any negligence on his part in this regard, if such there be, contributed to the accident.

If the plaintiff was free from contributory negligence, then I think there can be no doubt but that there is sufficient evidence to allow the inference that the accident was caused by the negligence of the motorman. The motorman must have known that at the intersection of Eighth street and Broadway there was a reasonable probability that the east and west bound traffic on Eighth street would be held up to permit the north and south bound traffic on Broadway to proceed. With this knowledge, the motorman was bound to have his car under such control that he would not endanger the traffic in front of him. Regardless of the distance between the car and the plaintiff's automobile, the motorman should have had his car under such control that he could stop it when the plaintiff gave notice, by holding out his hand, that he was compelled to stop at that place.

The defendant further claims that in any event the plaintiff has failed to show that the street car was owned and controlled by the defendant. It is true that there is an absolute failure of proof upon this point, and that if the defendant had moved to dismiss on this ground the trial justice would have been bound to grant the motion. No such point was, however, raised in the court below, and there can be little doubt but that if this point had been raised the plaintiff could easily have supplied the required proof.

It follows the judgment should be reversed, and a new trial ordered, with thirty dollars costs to appellant to abide the event.

PENDLETON, J., not sitting; FINCH, J., concurs.

Judgment reversed and new trial ordered, with costs to appellant to abide event.